T.C. Memo. 1997-204


UNITED STATES TAX COURT


MELREL L. STEPHENS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14361-95.                           Filed May 5, 1997.


<u>Marc A. Zimmerman</u>, for petitioner.

<u>Roger P. Law</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


LARO, <u>Judge</u>:  Melrel L. Stephens petitioned the Court to redetermine respondent's determination of a $44,221 deficiency in her 1993 Federal income tax and an $8,844 penalty under section 6662(a).  Respondent reflected her determination in a notice of deficiency issued to petitioner on June 13, 1995.

We must decide the following issues with respect to 1993:

1. Whether petitioner may deduct charitable contributions in an amount greater than allowed by respondent in the notice of deficiency.

2. Whether petitioner may deduct mortgage interest in an amount greater than allowed by respondent in the notice of deficiency.

3. Whether petitioner is liable for the accuracy-related penalty for negligence determined by respondent under section 6662(a).

Section references are to the Internal Revenue Code in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts and the exhibits submitted therewith are incorporated herein by this reference. Petitioner resided at 331 West 46th Street, in Los Angeles, California, when she petitioned the Court.

Petitioner filed timely a 1993 Form 1040, U.S. Individual Income Tax Return, using the filing status of "Single". Petitioner's return was prepared by a tax return preparer (the Preparer) employed by Security Income Tax Service. In order to have the return prepared, petitioner gave the Preparer a bag

of documents that included her receipts for gambling, mortgage interest, and other expenses.  Petitioner did not discuss with the Preparer each document in the bag, and she did not review her return with the Preparer after he prepared it.

On January 28, 1989, petitioner won $7.2 million in the California State Lottery, payable in yearly installments. Petitioner received a $361,000 installment of those winnings in 1993.  These winnings were reported on petitioner's 1993 tax return.  No other income was reported thereon.

During 1993, petitioner had an ownership interest in four real properties located in California at the following addresses: 331 West 46th Street, Los Angeles; 22150 Salter Road, Perris; 8431 Hooper Avenue, Los Angeles; and 2232 Mortimer, Huntington Park.  Petitioner also had an ownership interest in land in Chicot County, Arkansas.  None of these properties generated any income in 1993.

In 1993, petitioner paid the following mortgage interest and real property taxes on the above-mentioned properties:

| Property Situs | Mortgage Interest | Real Property Taxes |
|---|---|---|
| 331 W. 46th St. | $10,913 | $245 |
| Salter Rd. | 23,994 | 2,333 |
| 8431 Hooper | 11,085 | 1,320 |
| 2232 Mortimer | 3,426 | 2,367 |
| Chicot County | --- | 236 |
| Total | 49,418 | 6,501 |

In 1993, petitioner contributed $290 to the United Christian Church, and she gave $3,000 to the "Most Worshipful United Grand Lodge A.F. & A.M. Inc." of Los Angeles, California.  Petitioner testified that she also gave "approximately $3,000" in cash to the B-Ball Association (B-Ball), a youth organization in Carson, California.

Petitioner's 1993 Form 1040 reported $111,737 of itemized deductions on Schedule A, Itemized Deductions.  The reported deductions are broken down as follows:[1]

```
Real estate taxes . . . . . . . . . . . . . $8,798
Department of motor vehicle tax . . . . . .    916
Home mortgage interest . . . . . . . . . . 56,600
Contributions by cash or check . . . . . . . 3,000
Gambling losses . . . . . . . . . . . . . . 50,000
```

Respondent determined that petitioner was not entitled to any of these deductions because she had not substantiated her entitlement to them.

OPINION

Petitioner must prove that respondent's determinations set forth in the notice of deficiency are incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Petitioner also must prove her entitlement to any deduction.  Deductions are strictly a matter of legislative grace, and petitioner must show that her claimed deductions are allowed by the Code.  Petitioner

---

[1] The difference between the sum of these deductions and the reported $111,737 amount is attributable to the "phased-out" deductions.  See sec. 67.

must also keep sufficient records to substantiate any deduction that would otherwise be allowed by the Code.  Sec. 6001; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

With respect to the $3,000 charitable contribution reported on her 1993 Form 1040, petitioner argues that she is entitled to deduct this amount on account of a $3,000 donation to B-Ball in 1993.  Petitioner relies solely on her testimony to support her claim to this deduction.

We find petitioner's testimony inconsistent and unpersuasive.  Petitioner testified that she paid "approximately $3,000" to B-Ball; however, she was unable to state unequivocally when she purportedly paid this amount.  Petitioner testified that she was unsure whether she paid the $3,000 amount in one or several installments.  Petitioner later testified that she had $3,000 in cash when she attended a B-Ball meeting, and that she gave it to one of B-Ball's representatives at that time. Petitioner's lack of detailed books, records, and receipts precludes the Court from reaching a determination of what (if anything) was given to B-Ball.  Even if we could arrive at such a determination, petitioner would still not be entitled to the disputed deduction.  Petitioner has not proven that B-Ball was a qualified recipient under section 170(c)(2).[2]  See McGahen v.

---

[2] Although petitioner does not argue that she can deduct the $3,000 amount given to the Most Worshipful United Grand Lodge
                                                      (continued...)

<u>Commissioner</u>, 76 T.C. 468, 481 (1981), affd. without published opinion 720 F.2d 664 (3d Cir. 1983). Accordingly, except for the $290 contribution to the United Christian Church, which respondent concedes, we hold for respondent on this issue.

Turning to the mortgage interest, the parties do not dispute that petitioner may deduct the interest that she paid on her primary residence and one other California property.[3] See sec. 163(h)(2)(D). The parties lock horns on the interest paid on the remaining two Californian properties. Petitioner asserts that this interest is deductible as interest on properties held out for rental; i.e., investment interest. Petitioner argues that her lottery winnings are investment income that can be offset by this investment interest expense.

We disagree with petitioner that the interest on the other properties is deductible as investment interest. We are unable to find in the record that petitioner ever held any of these properties out for rental or otherwise held them as an investment. Petitioner's brief, on this issue, is directed entirely towards her assertion that lottery winnings are a form of investment income. We need not decide that issue, however,

---

[2](...continued)
A.F. & A.M. Inc., we note that the record does not indicate that this lodge was a qualified recipient under sec. 170(c)(2).

[3] We understand the parties' agreement to mean that petitioner may deduct the mortgage interest paid with respect to 331 West 46th Street ($10,913) and Salter Road ($23,994).

because petitioner neglects to address why the mortgage interest is not nondeductible personal interest, see sec. 163(h), and the record does not otherwise allow us to conclude that it is not nondeductible personal interest. Although petitioner is correct that an individual may deduct investment interest to the extent that it does not exceed net investment income, sec. 163(d)(1), we are unpersuaded that the mortgage interest was paid "on indebtedness properly allocable to property held for investment." Sec. 163(d)(3). We hold for respondent on this issue.

Respondent also determined that petitioner's underpayment of income tax was due to negligence, and, accordingly, that petitioner was liable for the penalty under section 6662(a). Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the portion of an underpayment that is attributable to negligence. In order to avoid this penalty, petitioner must prove that she was not negligent, i.e., she made a reasonable attempt to comply with the provisions of the Internal Revenue Code, and that she was not careless, reckless, or in intentional disregard of rules or regulations. Sec. 6662(c); Drum v. Commissioner, T.C. Memo. 1994-433, affd. without published opinion 61 F.3d 910 (9th Cir. 1995); see also Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991) (negligence also defined as a lack of due care or a failure to do what a

reasonable and prudent person would do under similar circumstances), affg. 92 T.C. 1 (1989).

Petitioner claims she was unsophisticated about tax laws, and that she relied on the Preparer to prepare a proper return. Although he failed to do so, petitioner concludes, her reliance on him to do a proper job was consistent with ordinary business care and prudence under the circumstances. We do not agree. Reasonable reliance on a tax adviser is consistent with ordinary business care and prudence only in certain cases. In those cases, the taxpayer must establish that: (1) The adviser had sufficient expertise to justify reliance, (2) the taxpayer provided necessary and accurate information to the adviser, and (3) the taxpayer actually relied in good faith on the adviser's judgment. See, e.g., Ellwest Stereo Theatres, Inc. v. Commissioner, T.C. Memo. 1995-610. We are unable to find in the record that petitioner met any of these requirements; i.e., (1) We know nothing about the preparer or his firm, (2) we are unable to find that petitioner provided necessary and accurate information to the Preparer, and (3) the record indicates that petitioner did not actually rely in good faith on the Preparer's judgment. We conclude that petitioner did not exercise due care, and that she failed to do what a reasonable and ordinarily prudent person would have done under the circumstances. We hold for respondent on this issue.

In reaching all of our holdings herein, we have considered all arguments made by petitioner and, to the extent not discussed above, find them to be without relevance or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.